Statement.

## Wytheville.

## HILLEARY v. HUBBELL.

June 8, 1916.

Absent, Keith, P., and Cardwell, J.

1. EVIDENCE—*Self-Serving Declaration—Collateral Matters—Irrelevancy—Brokers.*—In an action by one broker against another to recover half the commission received by the defendant for the sale of a tract of land, the fact that the plaintiff did, and the defendant did not, include the commission in his income return for that year and pay tax thereon, is irrelevant to the issue, and should not be admitted. In so far as it affected the plaintiff it was a self-serving declaration, and in so far as it affected the defendant its only purpose could have been to place him before the jury as a "tax dodger."

2. EVIDENCE—*Inconsistent Suits—Instructions Given in First Suit.*—For the purpose of showing that in another suit against a different defendant, the plaintiff made a claim and assumed a position entirely inconsistent with his claim and position in the present suit, the defendant may give in evidence the instructions requested by, and given on behalf of the plaintiff in the first suit.

3. APPEAL AND ERROR—*Rejection of Evidence—When Harmless.*—It is not reversible error to reject proffered evidence where substantially the same result is obtained from other evidence admitted in the case, without objection.

Error to a judgment of the Circuit Court of Fauquier county, in an action of assumpsit, Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*John S. Barbour* and *R. A. McIntyre*, for the plaintiff in error.

*Grimsley & Miller* and *G. L. Fletcher,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This is a contest between two real estate agents over the commissions arising on a sale of land.

H. W. Hilleary, acting as a broker for John S. Gaines and wife, sold their farm known as "Loretto," near Warrenton, in Fauquier county, to W. W. Finley for $40,000, plus a commission of five *per cent.*, which was paid to him by the purchaser. H. M. Hubbell, another broker, claimed full commissions on this sale from Gaines and wife, and sued them therefor after they had refused to recognize his claim. That suit was decided against him, and some time later he brought this present action against Hilleary claiming one-half of the amount which had been paid to him by Mr. Finley. At a former trial the jury failed to agree. The second trial resulted in a verdict in favor of Hubbell for $1,000, upon which the court rendered the judgment under review.

The record before us leaves no room for debate or doubt as to Hilleary's primary right to the whole of the commissions. It is not disputed that the farm "Loretto" was listed with him for sale, and that Finley was his exclusive customer; and it cannot be seriously contended that Hubbell was in any sense the procuring cause of the sale. If his recovery can be sustained at all, it must be by virtue of a special contract which he claims to have had with Hilleary. This special contract alleged in the declaration was that Hilleary would bring or send certain prospective purchasers to Warrenton, and that Hubbell would try to sell to them real estate, or would help Hilleary to

do so, and that on all sales made to such prospective purchasers, either by Hubbell alone or by the joint efforts of Hilleary and Hubbell, the commissions would be equally divided between them. The sum and substance of Hubbell's testimony as to this contract was contained in the following statement made by him as a witness in his own behalf: "Mr. Hilleary was here during, I think, the latter part of May, 1911, it might have been the first part of June; I cannot state positively. I told him that I expected to do some business and would like to make some arrangement with him. He said that we could do it. That people that he would send or bring down here, he would write me about them, and in whatever sales resulted from our joint efforts, he would divide the commission of five *per cent.*" And Hubbell claims that he assisted in making the sale to Mr. Finley.

Hilleary denies that this is an accurate statement of the arrangement between them, and claims, further, that Hubbell was not called into the sale in question and had nothing to do with it; but admits that, under certain conditions not necessary to detail here, they were to co-operate in making sales, and in such cases were to divide the commissions.

Whether there was sufficient evidence in support of Hubbell's theory to make the existence of the contract as claimed by him a question for the jury, and whether there was sufficient evidence to likewise bring it within their province to decide that the particular sale involved in this case did or did not fall within the scope of the alleged contract, are questions which are earnestly pressed upon us in some of the assignments of error, but upon which, in accordance with the established practice of this court, we refrain from expressing any opinion, since the judgment is to be reversed and

remanded for a new trial for error which does not involve the contractual relations or the substantive rights of the parties, but has to do merely with the question of whether or not these relations and rights were submitted to the jury upon proper evidence and correct instructions.

At the trial the plaintiff, Hubbell, was permitted to prove that he reported this sale to the commissioner of the revenue and paid the tax thereon as a real estate agent, and that the defendant, Hilleary, did not do so. This evidence was objected to and should have been excluded.

The plaintiff, after Gaines and wife had declined his claim for commissions and after he had sued them therefor, although the commissioner of the revenue advised that he was not chargeable with the tax unless he had received the commission, nevertheless insisted that he wanted to be assessed and pay the tax on that basis. There is no view of the case in which the evidence of his report to the commissioner is properly admissible. It plainly falls within the prohibition against hearsay evidence. The hearsay rule excludes (with certain exceptions not material here) all extra-judicial assertions; and among those most obnoxious to the rule are statements commonly known as self-serving declarations. "It would be obviously unsafe," says Prof. Jones in his Commentaries on Evidence, "if parties to litigation were without restriction allowed to support their claims by proving their own statements made out of court. Such practice would be open not only to all the objections which exist against the admission of hearsay in general, but also open the door to fraud and to the fabrication of testimony." 2 Jones' Com. on Ev., sec. 235-a; 1 R. C. L., sec. 5, p. 470; *Singer Mfg. Co.* v. *Bryant,* 105 Va. 403, 411-12, 54 S. E. 320.

Nor was it proper to allow the plaintiff to prove that the defendant had not made a similar report to the commissioner of the revenue. The purpose and effect of this evidence could not have been to show that Hilleary did not claim the commission on the sale, for he had already claimed and collected all of it, and that fact was the very foundation of the plaintiff's action. The only purpose of the evidence must have been, and its most natural and probable effect was, to place the defendant before the jury in the light of a "tax-dodger." He had not been summoned to answer that charge, and that issue was not even remotely involved in the question of the plaintiff's right to recover upon the alleged contract with the defendant. It is true that the court, after overruling the objection and admitting this evidence, permitted the defendant to introduce proof to the effect that he had no office in Fauquier county, and that in the city of Charlottesville, where he maintained an office, he had paid a real estate auctioneer's license, which, according to the opinion of the treasurer of that city, confirmed (as he said) by that of the Auditor of Public Accounts, relieved him from any liability for tax based on commissions on sales. But the issue was collateral and irrelevant, and we cannot say that the evidence was not of a kind to be seriously prejudicial to the defendant.

In what was manifestly a spirit of fairness and a well meant effort properly and safely to restrict the application of all this evidence as to the plaintiff's action in reporting, and the defendant's failure to report, the sale for purposes of taxation, the court of its own motion gave the jury an instruction, which seems to us not to have accomplished its purpose, but rather to have accentuated the error already committed in the admission of the evidence. This instruction was as

follows, the objectionable features being indicated by the italics:

"The court instructs the jury that the rights of the plaintiff and the defendant are not affected by the fact as to whether Mr. Hilleary paid a tax on this sale to Finley, or whether Mr. Hubbell paid the tax on it, *this evidence is only to be considered in determining whether or not the plaintiff made the sale or assisted in making this sale to Finley, and the question as to his payment of it and why he paid it they must determine from all the facts and circumstances introduced in evidence in the trial of this case.*"

The fact that such a tax was or was not paid by either party did not tend to prove or disprove that Hubbell assisted Hilleary in making the sale to Finley; and the direction to the jury that they must determine from all the facts and circumstances whether such payments was made and why it was made, invited, if it did not require and insure, a confusing and misleading speculation by the jury upon a wholly immaterial question. The instruction was objected to and should not have been given.

One other contention of the defendant, which might arise upon another trial, ought perhaps to be specifically mentioned. The defendant offered in evidence certain instructions requested and given on behalf of the plaintiff in the suit theretofore brought by Hubbell against Gaines and wife, in which he sued solely in his own name, without consulting Hilleary, and claimed the entire commissions. The object in view by the defendant was to show in the suit against Gaines and wife Hubbell had made a claim and assumed a position entirely inconsistent with his claim and position in the present suit. The substance of the instructions appears in the petition for the writ of error, and they

are referred to but not actually incorporated in the bill
of exceptions which was intended to save this point.
This defect in the bill of exceptions is referred to in
the plaintiff's brief, but we understood it to be waived
by counsel at the oral argument. No question was
made as to the identity of these instructions or the
fact that they were offered and given for the plaintiff,
and it would have been proper to admit them in evi-
dence; but the refusal to do so was harmless error
because substantially the same result was obtained by
Hubbell's own admissions and sundry other testimony
showing that he did in fact sue Gaines and wife for
the entire commissions on the sale. The evidence
tending to show that he did not then rely on any con-
tract with Hilleary, and was suing exclusively for his
own benefit; his remarkable explanation, to the effect
that he was really suing for the joint benefit of himself
and Hilleary and intended to divide the recovery with
him if one was obtained, although he had never con-
sulted Hilleary about it; in short, the evidence re-
garding his entire conduct in connection with the
Gaines suit, was fully presented to the jury. The
instructions in question would have been merely cumu-
lative.

With regard to the several assignments of error
which complain of the action of the court upon the
instructions to the jury, we are of opinion that they
must be overruled. As already indicated, we do not
undertake to pass upon the sufficiency of the evidence
to sustain the verdict upon the main issue between the
parties. Assuming, however, merely for the purpose
of passing upon the instructions, that the evidence
was sufficient to entitle the plaintiff to go to the jury
with his case, the instructions, read as a whole, were,
we think, except the one hereinbefore quoted, free

from error and such as to fully and fairly submit the respective theories of the plaintiff and defendant to the jury.

For the error above shown in the admission of evidence, the judgment must be reversed and the cause remanded for a new trial.

*Reversed.*